28    NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Caresino v. Lincoln Sanitary Laundry.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ANGELO CARESINO, PETITIONER, v. LINCOLN SANITARY LAUNDRY, RESPONDENT.

**Sprained Back—Question of Extent and Duration of Injury—Question of Proper Notice, Also of Employment at Time of Injury if One Occurred—Case Dismissed.**

On determination and dismissal.

For the petitioner, *James A. Hamill.*

For the respondent, *Richard W. Baker.*

A petition having been filed in the above matter asking for compensation under the terms of the Compensation law of this state and an answer having been duly filed, the same came on for a hearing before me, in Newark, on October 16th, the petitioner being represented by Attorney James A. Hamill and the respondent by Attorney Richard W. Baker.

The petitioner testified on his own behalf and also called Dr. Giuliana and Mr. Ventola. On behalf of the respondent, Mr. Dana, Mr. Schwarz and Dr. Griffith testified.

Dr. Giuliana testified that he had treated the petitioner for a sprained back from December 20th, 1924, until June, 1925, although unbeknown to him the petitioner had continued working up until May 23d, 1925, laying off for two weeks around the time of the alleged accident. Dr. Giuliana stated that the petitioner was qualified to do his regular work when he last treated him in June, but that he advised him not to engage in occupation that would likely to cause a recurrence of the strain. Dr. Griffith, on the other hand, testified that when he examined the petitioner about ten days before the hearing he could find no objective symptoms of any disability whatsoever, and that there was complete mobility of the spine in all directions.

The petitioner alleged that he received a strain arising out of and in the course of his employment on December 20th, 1924, and states that he reported the matter to Mr. Dana at once. Mr. Dana, however, on the stand denied that the petitioner had ever reported the accident, but merely said that the petitioner had complained, from time to time, of being sick and having some kind of rheumatism in the back, and that he did not know of any alleged accident until the time of the formal hearing, considerably more than ninety days after the alleged accident. Mr. Dana further showed that the petitioner had not worked between the dates of December 11th, 1924, and January 6th, 1925, so that the petitioner was not working on the date of the alleged accident. Furthermore, the petitioner, himself, admitted that he only worked Monday, Tuesday and Wednesday of each week, and it was shown that the date of the alleged accident fell on a Saturday, when he admitted he did not work.

After considering all the evidence in the case, I find that the petitioner has not sustained the burden of proving that he sustained an accident arising out of and in the course of his employment, and has likewise failed to show that he notified his employer of the accident within ninety days. For that reason I find that the case should be dismissed, and I further find that, although the petitioner alleges that he received an accident on a certain date, he was not working for the respondent on that date.

Accordingly, I hereby order that the case be dismissed, without costs to either party.

HARRY J. GOAS,
*Deputy Commissioner.*